**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03329-REB-KMT

EDNA EKHATOR, and
CHRISTY OLOWOJOBA,

      Plaintiffs,

v.

NEXION HEALTH, INC., and
NEXION HEALTH AT CHERRY CREEK, INC.,
      d/b/a Cherry Creek Nursin Center,

      Defendants.

**ORDER DENYING MOTION TO CONSOLIDATE**

**Blackburn, J.**

Before me is plaintiffs' **Motion for Consolidation of Actions** [#15],[1] filed March 27, 2014.  Defendant seeks to consolidate this case with ***Zheng v. Nexion Health, Inc. et al.***, Civil Case No. 1:14-cv-00409-REB-MEH.  As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the issue of whether to consolidate these matters falls to me for determination. *See* **D.C.COLO.LCivR** 42.1.  I deny the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" **FED. R. CIV. P.** 42(a)(2).  The purpose of the rule is to allow the court "to decide how

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.***, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).

The moving party has the burden to prove that consolidation in warranted. ***Shump v. Balka***, 573 F.2d 1341, 1344 (10th Cir. 1978). The mere fact that a defendant has been sued in separate cases involving similar subject matter does not require a court grant a motion to consolidate, ***American Empire Insurance Co. v. King Resources Co.***, 545 F.2d 1265, 1269-70 (10th Cir. 1976), and the court should not consolidate cases when confusion or prejudice may result, ***St. Paul Fire & Marine Insurance Co. v. King***, 45 F.R.D. 519, 520 (W.D. Okla. 1968). The ultimate decision whether to consolidate cases is committed to the sound discretion of the trial court. ***Shump***, 573 F.2d at 1344.

Plaintiffs have failed to carry their burden to prove that consolidation would promote a just or efficient result in these cases. I am not convinced that the existence of some common issues of law between these two cases is sufficient to overcome the factual differences between the individual circumstances of the plaintiffs. The circumstances of each plaintiff's termination are unique, as are various of their claims for relief. Plaintiffs are from different protected classes, have different employment and disciplinary histories, and were terminated for different types of misconduct at different times. I perceive no benefit in terms of judicial economy to be realized by permitting

consolidation of these lawsuits. Instead, I find and conclude that consolidation is likely to complicate and confuse the issues in these two cases, engendering a very real danger of prejudice to defendant.

Accordingly, I find and conclude that consolidation of these matters is unwarranted and inappropriate. *See, e.g.*, ***Kirzhner v. Silverstein***, 2011 WL 3568265 at \*2 (D. Colo. Aug. 15, 2011); ***American Family Mutual Insurance Co. v. Haslam***, 2011 WL 3568240 at \*3 (D. Colo. Aug. 12, 2011).

**THEREFORE IT IS ORDERED** that plaintiffs' **Motion for Consolidation of Actions** [#15], filed March 27, 2014, is **DENIED**.

Dated May 13, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge