IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03329–REB–KMT

EDNA EKHATOR, and
CHRISTY OLOWOJOBA,

    Plaintiffs,

v.

NEXION HEALTH, INC., and
NEXION HEALTH AT CHERRY CREEK, INC., *d/b/a* CHERRY CREEK NURSING CENTER,

    Defendants.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

The "Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) and 20(a)(2)" (Doc. No. 28, filed June 6, 2014) is GRANTED in part and DENIED in part. Plaintiffs' motion is granted to the extent she seeks to amend her Complaint to add Nexion Health Management, Inc., as a defendant, pursuant to Fed. R. Civ. P. 15(a)(2) and 20(a)(2).

Plaintiffs' motion is DENIED in all other respects, including Plaintiffs' proposed amendments to "add certain factual allegations, in light of the Court's refusal to consolidate this case with *Bixuan Zheng v. Nexion Health, Inc.*, et al., Case No. 14-cv-00409-REB-MEH." (Doc. No. 28, ¶ 10.) As to this portion of the motion, Plaintiffs failed to comply with D.C.COLO.LCivR 7.1(a), which provides as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

"[T]o satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). The point of the conferral requirement is to have the parties exchange ideas regarding the requested relief and, hopefully, eliminate through discussion or compromise any issues they can before filing a motion so as to limit the issues brought before the Court. *See Carroll v. Allstate Fire and Casualty Ins. Co.*, No. 12–cv–00007–WJM–KLM, 2013 WL 5769308, at *4 (D. Colo. Oct. 24, 2013) ("The purpose of Rule 7.1 [ (a) ] is to decrease the number and length of motions filed in each case."). Plaintiffs' counsel explains that she attempted to call Defendants' counsel after business hours on the day she filed the motion (the last day to amend pleadings [*see* Doc. No.19]), and she admits she failed to confer as this portion of the motion. (Doc. No. 32 at 2.) Local Rule 7.1(a) constitutes an independent basis to deny Plaintiff's other proposed amendments. Additionally, Plaintiff failed to comply with D.C.COLO.LCivR 15.1. .

Plaintiffs may file their Amended Complaint, in accordance with this Order, no later than September 8, 2014.

Dated: September 3, 2014.